UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANG-YUH HSIEH,<br><br>    Plaintiff(s),<br><br>    v.<br><br>R. JAMES NICHOLSON,<br><br>    Defendant(s). | No. C06-5281 PJH (BZ)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

Before the Court is plaintiff's motion to compel production of documents pursuant to the Fifth Discovery Order in this matter. Having reviewed the papers submitted by both sides, I find no need for argument on this motion and vacate the hearing. I find that the defendant has made an adequate showing that after reasonable search and inquiry, he is unable to locate the additional documents sought by the plaintiff. Plaintiff has submitted no evidence to the contrary; nor has he pointed to flaws in the defendant's search methods. For these reasons, **IT IS ORDERED** that plaintiff's motion is **DENIED.**

Although there is no express motion for sanctions on the grounds of spoliation, to the extent that the plaintiff requests sanctions they are **DENIED**. An adverse inference

1

1  arises when evidence has been destroyed and 1) the party in
2  control of the evidence had an obligation to preserve it 2)
3  the records were destroyed with a culpable state of mind and
4  3) the reasonable trier of fact would have found the evidence
5  relevant to the party's claim or defense.  Jandreau v.
6  Nicholson, 2007 WL 1892301 at *2 (Fed. Cir.).  If the
7  destruction was routine with no fraudulent intent, the
8  evidence is not presumed to have been favorable to the
9  discovering party.  Marjorie Shields, Annotation, Electronic
10 Spoliation of Evidence, 3 A.L.R. 6th 13 (2005).

11      Plaintiff first seeks one or more emails that he claims
12 were sent in 2000, which defendant cannot locate.  Plaintiff
13 produced no evidence to suggest that defendant had an
14 obligation to preserve e-mail from 2000.  Defendant has
15 introduced evidence that he searched the mail server at Palo
16 Alto CSPCC for emails sent between 1999 and mid-2001, and all
17 relevant e-mails were sent to Dr. Hseih.  Doherty Decl. ¶¶ 3,
18 4.  Defendant also introduced evidence of its document
19 retention practices which show that starting in mid-2001,
20 back-up tapes for Palo Alto CSPCC's most frequently used e-
21 mail systems were routinely overwritten approximately every
22 60-90 days.  Raffin Decl. ¶¶ 3, 5.  The VA's information
23 systems do not backup personal computers, so if users delete
24 text from documents while they are on their personal
25 computers, the previous text cannot be retrieved.  Rhodes
26 Decl. ¶ 5.  Moreover, network backup tapes do not go as far
27 back as 2002 or earlier.  Id.  I therefore find that plaintiff
28 has failed to establish that in 2000 or 2001, defendant had

any obligation to preserve the 2000 e-mails or that the e-mails were culpably destroyed.

Plaintiff also alleges that defendant should not have destroyed the survey responses. However, Dr. Hsieh's initial complaint of employment discrimination dated February 2, 2002 makes no allegations that his survey response directly or indirectly related to his termination. <u>See</u> Konno Decl. ¶, Ex. A. Moreover, the survey was anonymous, and the original survey responses were destroyed in December 2002 to preserve the anonymity of the survey respondents. Churby Decl. ¶ 4. I therefore find that the plaintiff has failed to establish that the defendant had any obligation to preserve the survey responses or that he destroyed them culpably.

For these reasons, sanctions for spoliation are **DENIED**.

Dated: August 23, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\HSIEH\sanctionsbz.wpd

3