UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANG-YUH HSIEH, | |
| Plaintiff(s), | No. C06-5281 PJH (BZ) |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO REQUEST ADDITIONAL INTERROGATORIES** |
| R. JAMES NICHOLSON, | |
| Defendant(s). | |

Before me is plaintiff's motion for leave to request 25 additional interrogatories, which contain many sub-parts. Plaintiff's request is **GRANTED IN PART AND DENIED IN PART**.

Dr. Hsieh has shown good cause to request interrogatories 26, 35, to the extent of providing Mr. Doherty's race, GS level and position title at the time in question, 38, 39, 40, 41, 43 and 48. Interrogatory 26 which seeks information regarding hiring and promotion, is relevant to Dr. Hsieh's theory of systematic discrimination against persons of Asian origin working at the VA's Cooperative Studies Program Coordinating Center ("CSPCC"). Interrogatories 38 – 41 and 48

1

1  are relevant to Dr. Hsieh's theory that he was fired in
2  retaliation of his complaints of employment discrimination and
3  against Maryann Boeger.  However, 38-40 are limited to 2001
4  and 2002 and 41, 42 and 48 are limited to 2000 and 2001.
5  Interrogatory No. 43 is relevant, inasmuch as the memo cannot
6  be located, and defendant's burden argument is not persuasive.
7  See Schwarzer, et al., Federal Civil Procedure before Trial,
8  § 11:1747 et. seq.
9      Many of plaintiff's other requests seek discovery of an
10 alleged conspiracy to keep him from being hired.  For example,
11 he alleges that budgets were manipulated as a pretext to
12 terminate his position and later preclude him from job
13 application.  Defendant, however, has provided CSPCC budget
14 sheets for each year from 2001 through 2007.  Apparently
15 finding no support for his claim, plaintiffs response is to
16 propose additional interrogatories.  This is not an effective
17 use of additional interrogatories.  I find that the burden of
18 producing the information plaintiff seeks outweigh its likely
19 benefit.  Rule 26(b)(2)(C)(iii).  Should plaintiff ever
20 develop evidence of a conspiracy, he may then seek additional
21 discovery.
22     Other proposed interrogatories are over-broad,
23 duplicative, and irrelevant.  For example, plaintiff fails to
24 explain the relevance of information about people who were not
25 hired for any of the positions he sought.
26     Except as expressly granted, plaintiff's request to
27 ///
28 ///

1 propound interrogatories is **DENIED**.  The hearing scheduled for
2 September 5, 2007 is **VACATED**.
3 Dated: August 27, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\HSIEH\additional.interrogatories.wpd