UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FANG-YUH HSIEH,
        Plaintiff,

    v.

R. JAMES NICHOLSON, Secretary of the Department of Veteran Affairs and PHILIP LAVORI,
        Defendants.
_____/

No. C 06-5281 PJH

**ORDER GRANTING MOTION TO DISMISS DR. PHILIP LAVORI**

    Now before the court is defendants' Motion to Dismiss Dr. Philip Lavori from this action. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the defendant's motion for the following reasons. Because the court finds that defendant's motion, which has been noticed for hearing on September 12, 2007, is appropriate for decision without oral argument, that hearing date is hereby VACATED.

    This is a Title VII action in which plaintiff Fang-Yuh Hsieh alleges discrimination in federal employment. On May 23, 2007, after obtaining consent of defense counsel and leave of the court to file an amended complaint that did not name his former supervisor, Dr. Philip Lavori, plaintiff filed a second amended complaint ("SAC") adding Dr. Lavori as a defendant. Plaintiff alleges that he was terminated from his employment as a VA statistician on account of his sex, national origin, and age. He also alleges his termination was in reprisal for EEO activity. See SAC at 2.

    Defendants now move to dismiss Dr. Lavori on the basis that the only proper defendant in actions alleging federal employment discrimination is the head of the relevant agency. The motion is GRANTED, as the complaint does not proffer enough facts to state a claim for relief that is plausible on its face against Dr. Lavori. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966-67 (2007).

First, as stated in defense counsel's declaration, defendant never consented to the SAC as filed – with Dr. Lavori as a defendant. The court granted plaintiff's motion for leave to amend in light of defendant's stated non-opposition. In light of this, the complaint, insofar as it contains Dr. Lavori as a defendant, was not properly filed. Plaintiff submits no declaration contradicting defense counsel's assertions in this regard.

Second, the law is clear that only heads of the relevant agency are proper defendants. Plaintiff brought this action under Title VII, alleging jurisdiction under 42 U.S.C. § 2000e-5. He is only allowed to bring a complaint alleging federal employment discrimination under that provision against "the head of the department, agency, or unit, as appropriate." See 42 U.S.C. § 2000e-16. See also White v. General Services Admin., 652 F.2d 913, 917 (9th Cir. 1981) ("Title VII remedy is against the government only, and not the individual defendants"); Pink v. Modoc Indian Health Project, 157 F.3d 1185, 1189 (9th Cir. 1998) ("civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee").

Plaintiff also seems to allege age discrimination, for which the Age Discrimination in Employment Act ("ADEA"), not Title VII supplies the exclusive remedy for such claims in federal employment. See Jorge v. Rumsfeld, 2004 U.S. Dist. LEXIS 27695 (D.P.R. 2004) ("Title VII provides the exclusive remedy for claims of race and gender discrimination in federal employment and that ADEA provides the exclusive remedy for age discrimination claims in federal employment."). However, the presence of an ADEA claim does not alter the analysis here, because "42 U.S.C. § 2000e-16(c), identifying the proper defendant in Title VII discrimination actions, also applies to age discrimination claims brought under the ADEA." Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986).

Accordingly, Dr. Lavori is DISMISSED as a defendant in this action.

**IT IS SO ORDERED**.

Dated: August 30, 2007

PHYLLIS J. HAMILTON
United States District Court